Filed 6/1/23  P. v. Waller CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079756 |
| v. | (Super.Ct.No. FVA017512) |
| GREGORY ELDER WALLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael R. Libutti, Judge.  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and A. Natasha Cortina, Lynne

1

G. McGinnis, and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

Gregory Elder Waller appeals the summary denial of his Penal Code section 1172.6[1] petition to vacate his attempted murder convictions. Waller argues the trial court engaged in impermissible factfinding at the prima facie review stage. Because Waller's jury instructions conclusively demonstrate that he was convicted on a still-valid theory of directly attempting murders, we affirm.

BACKGROUND

In 2005 a jury convicted Waller of two counts of attempted murder (§§ 187, subd. (a), 664), two counts of assault with a firearm (§ 245, subd. (a)(2)), first degree burglary (§ 459) and carjacking (§ 215, subd. (a)).[2] The jury also found that Waller personally used and discharged a firearm causing great bodily injury as to one of the attempted murders (§§ 12022.53, subd. (d), 12022.5, subd. (a)), and that he personally used a firearm in the commission of the other attempted murder. (§§ 12022.53, subd. (b), 12022.5, subd. (a).) The jury found that Waller committed the attempted murders willfully, deliberately, and with premeditation.

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] Waller objects to the use of either the preliminary hearing transcript or our own decision on direct appeal from judgment. One of his main arguments on appeal is that the trial court erred when it relied on certain facts stated in them. Because, as shown below, Waller is ineligible for relief simply based on the jury instructions and verdict, we will not address the facts of the underlying crime.

2

In 2022, Waller filed a petition for resentencing under former section 1170.95, now section 1172.6. The trial court held a hearing to determine whether Waller's petition made a prima facie case for relief, concluded it did not, and summarily denied the petition.

## ANALYSIS

Under the natural and probable consequences doctrine, "an accomplice is guilty not only of the offense he or she directly aided and abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the 'natural and probable consequence' of the crime the accomplice aided and abetted (i.e., the nontarget offense)." (*People v. Gentile* (2020) 10 Cal.5th 830, 843, superseded by statute on other grounds in *People v. Glukhoy* (2022) 77 Cal.App.5th 576, 584.) Under this doctrine, an accomplice to a target crime other than murder could be found guilty of aiding and abetting a murder if a death resulted.

Senate Bill No. 1437 (Senate Bill 1437) (2017-2018 Reg. Sess.), effective January 1, 2019, amended the definition of felony murder in section 189 and eliminated liability for murder and attempted murder under a natural and probable consequences theory. Senate Bill 1437 also added what is now section 1172.6, which (in its current version) allows "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine," to "file a petition with the court that sentenced the petitioner to have the petitioner's . . . conviction vacated and to be resentenced on any remaining counts." (§ 1172.6, subd. (a).) Once a court determines that such a petition

3

contains all relevant information, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).)

When conducting a prima facie review, the court " ' " 'takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " ' " (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975.) "If the record of conviction does not conclusively demonstrate that the defendant 'engaged in the requisite acts and had the requisite intent' to be convicted on a theory of murder [or attempted murder] that remains valid, denying relief at the prima facie stage is improper." (*People v. Barboza* (2021) 68 Cal.App.5th 955, 965-966.)

Waller is not entitled to relief here because the record of conviction conclusively establishes he was not convicted on a natural and probable consequences theory. The jury was not instructed on the natural and probable consequences doctrine, and "if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis." (*People v. Offley* (2020) 48 Cal.App.5th 588, 599.) The jury was instructed that attempted murder requires a "direct but ineffectual act . . . towards killing another human being" done with malice aforethought, "namely, a specific intent to kill unlawfully another human being." A natural and probable consequences instruction, in contrast, would have told the jury that it could find Waller guilty of murder where he committed some target crime that had a death as its natural and probable consequence. With no such instruction, there was no

4

way for the jury to find liability on that theory. Indeed, the jury found that Waller personally harbored express malice, premeditated the attempted murders, used a firearm in committing both, and intentionally discharged a firearm causing great bodily injury in connection with one of the attempted murders. These findings indicate that Waller both possessed the requisite intent and committed the requisite criminal acts himself. Therefore, based only on the instructions given and the verdicts rendered, it is clear that Waller was convicted on a theory of liability that remains valid today. There is no other way to interpret the jury's verdict in the context of the instructions they were given.

Waller argues the trial court erred by improperly considering the facts of the crime when denying his petition, and that it engaged in improper fact-finding in concluding he was the actual perpetrator of the crimes. A trial court in fact has some leeway under section 1172.6 to find, as a matter of law, that "the record [] makes clear that [a defendant] was the actual killer and the only participant in the killing." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233 [denying relief without an evidentiary hearing].) Regardless, we need not reverse. As we have shown, the trial court need not have relied on anything more than the record of conviction to determine that Waller was the actual perpetrator, and "we may affirm a ruling that is correct in law on any ground." (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

5

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.